DAVIS COLLIERY CO. *v.* CHARLEVOIX SUGAR CO.

*In re* MARTING.

Receivers—Contempt Proceedings.

The failure of a receiver to pay over funds in accordance with a decree of the Supreme Court is not excused by his having paid out all funds in his hands on the oral order of the circuit judge.

Bill in aid of execution by the Davis Colliery Company against the Charlevoix Sugar Company, Samuel A. Marting, receiver, and others: On petition of complainant for an order adjudging defendant Marting guilty of contempt. Submitted April 13, 1909. (Calendar No. 23,009.) Petition granted May 26, 1909.

*Robert W. Kane*, for petitioner.

*Lisle Shanahan*, for respondent.

Brooke, J. On December 21, 1908, a decree in the above-entitled cause was entered in this court. Said decree provided, among other things, for the payment by the defendants above named to the complainant of the sum of $509.39, together with costs, to be taxed. Said costs have since the entry of said decree been taxed by the complainant at the sum of $91 in the Supreme Court, and in the circuit court in the county of Charlevoix at the sum of $59.25. Said decree further provides:

"And it is further ordered, adjudged, and decreed that the said defendant Samuel A. Marting, out of the funds and property of the defendant the Charlevoix Sugar Company which have come into his hands by virtue of the aforesaid order made and filed December 3, 1904, in the case of Alva L. Coulter, as complainant, v. Charlevoix Sugar Company, as defendant, purporting and intending by its terms to appoint the said Samuel A. Marting re-

ceiver of the said Charlevoix Sugar Company, pay to the complainant's solicitor the amount hereby decreed to be paid by the defendants in this cause to the complainant, and that such payment by the said defendant Samuel A. Marting, when made, shall be considered and held as and for full satisfaction of this decree as to all the above-named defendants."

A certified copy of the decree of this court was presented to defendant Marting by complainant's solicitor, and, after the costs were taxed, notice of the amount due under the decree was given said defendant, first on or about the 12th day of February, 1909, and again on or about the 23d day of February, 1909, and finally on the 3d day of March, 1909, when the complainant's solicitor caused to be served upon said Samuel A. Marting a written demand for the payment of the amount specified in said decree, to which notice was attached a copy of said decree. Defendant Marting refused to comply with the decree of the court, and thereupon the complainant filed a petition in this court for an order to show cause why he should not be punished for contempt in consequence of his said refusal. The order to show cause was issued, and the return of said defendant is before us.

By that return we note that defendant Marting charges himself as receiver with the sum of $11,705.92. He avers that he has paid out upon the order of the court $6,100.21, leaving in his hands as receiver the sum of $5,605.71 not accounted for, except that he says in his return that the same "has been paid out and disbursed by him as receiver by order of the Honorable Frank Shepherd, presiding, and with his consent and approval, given verbally." Attached to the petition for order to show cause is a paper purporting to be the final account of Marting as receiver, in which he seeks credit for the sum of $2,600 paid as solicitor's fees and charges November 1, 1907, and the further sum of $3,005.71, as of the same date, for receiver's fees and compensation and solicitor's expenses. It is claimed by the petitioner, and not denied by Marting in

his return, that this account has never been passed upon by the circuit judge. The claim made by the defendant Marting that he·has disbursed upwards of $5,000 upon the verbal order of the circuit judge is startling to a degree and scarcely credible. In any event such an order affords him no protection in the present proceedings. We are entirely satisfied, from a careful examination of the decree in the main case, the petition, and the return, that the defendant Marting, in refusing to comply with the terms of said decree, is guilty of a wilful contempt of the order of this court.

An order will be entered adjudging said Marting guilty of contempt, and committing him to the county jail for the county of Charlevoix, there to remain until purged.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.